**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1506
_____

OMAR SIERRE FOLK,
Appellant

v.

UNITED STATES OF AMERICA; DR ELIZABETH STAHL, M.D., Clinical Director,
Medical Dir., Individually & in her Official Capacity; DR. BRIAN BUSCHMAN, MD,
Clinical Dir., Individually & in his Official Capacity; DO THOMAS CULLEN, Medical
Officer, Individually & in his Official Capacity

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-00599)
District Judge: Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2026
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: January 8, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se Appellant Omar Sierre Folk appeals District Court's orders granting Defendants' motion to dismiss, or for summary judgment, and denying Folk's motion for reconsideration.[1] For the following reasons, we will affirm.

I

Folk, a federal prisoner, filed an amended complaint alleging he was harmed by the failure of prison staff to perform a medical EGD scope between 2019 and 2023.[2] Folk received EGD scopes in 2015 and 2019. A subsequent EGD scope in 2023 revealed Folk had esophageal ulcers, esophagitis, and a hiatal hernia. Folk alleged he would not have suffered from those ailments if not for the four-year gap from 2019-2023 between EGD scopes. Folk sought relief under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 1346, *et seq.*

Defendants' motion attached dozens of pages of Folk's medical records. The District Court granted Defendants' motion. Folk filed a motion for reconsideration, which the District Court denied. Folk then appealed.

Folk raises three issues on appeal: (1) the District Court erred by entering judgment before discovery; (2) the District Court erred by denying his motion for

---

[1] Folk's motion for reconsideration was timely so his appeal encompasses the underlying District Court's grant of Defendants' motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

[2] An EGD scope is a medical procedure that examines the upper portion of the digestive tract.

reconsideration before a response to his motion for reconsideration was filed; and (3) the District Court erred by not addressing his requests for preliminary injunctive relief before issuing its judgment.[3]

## II

This Court has jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion for reconsideration for abuse of discretion and apply plenary review to the District Court's grant of Defendants' motion to dismiss or summary judgment. *See Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 264 (3d Cir. 2019) (noting the standard of review over the denial of a motion for reconsideration is for abuse of discretion but apply de novo review to the District Court's underlying grant of summary judgment); *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (applying plenary review over the grant of a motion to dismiss for failure to state a claim). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute

---

[3] An underlying premise of Folk's arguments on appeal is that *Bivens* relief is available to him against the Defendants. The landscape since the District Court's judgment with respect to Folk's *Bivens'* arguments is now different. In *Muniz v. United States*, 149 F.4th 256, 263-65 (3d Cir. 2025), we held that the Federal Bureau of Prisons alternative remedial mechanism constitutes a new context and precludes *Bivens* relief for Eighth Amendment deliberate indifference claims absent exceptions not applicable here.

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III

Folk's first argument on appeal is that the District Court decided his case before discovery. This argument fails because Folk never requested any discovery via Federal Rule of Civil Procedure 56(d) or otherwise.

Folk's next argument on appeal is that the District Court erred in denying his motion for reconsideration prior to receiving a response from the Defendants. The Defendants filed a response in opposition to the motion for reconsideration on February 29, 2024. The District Court denied the motion for reconsideration thereafter, on March 1, 2024.[4] Thus, the District Court ruled *after* the Defendants filed their response to Folk's motion for reconsideration. Accordingly, this argument lacks merit.

Folk finally argues that the District Court erred in not addressing his requests for preliminary injunctive relief. Folk could not proceed against the individual Defendants via *Bivens* in light of this Court's decision in *Muniz* as noted in *supra* note 3.[5] As to the FTCA claim, the only proper Defendant was the United States. *See* 28 U.S.C. § 2679(b)(1). However, Folk could not receive injunctive relief against the United States

---

[4] A review of Folk's Rule 59(e) motion reveals none of relevant standards to warrant granting his motion for reconsideration were established by Folk.

[5] Additionally, as Folk is no longer incarcerated in Pennsylvania, injunctive claims against the three individual Defendants would now be moot. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003).

4

under the FTCA. *See Hatahley v. United States,* 351 U.S. 173, 182 (1956) (a district court does not possess power under FTCA to enjoin United States*)*; *Estate of Trentadue ex rel. Aguilar v. United States,* 397 F.3d 840, 863 (10th Cir. 2005) (recognizing that the FTCA does not authorize federal courts to issue declaratory judgments and injunctions against the United States). Thus, this argument on appeal also lacks merit.

IV

In conclusion, we will affirm the District Court's judgment.